THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| B.H., a minor child, by and through his mother and next of friend, D.S., | * * * |
| Plaintiffs, | * * |
| v. | * * |
| AUTAUGA COUNTY BOARD OF EDUCATION; JOSEPH L. BUTLER; and TERRY WRIGHT, | * CASE NO.: 2:06cv393-SRW * * |
| Defendants. | * JURY TRIAL IS DEMANDED * * |

RECEIVED
2006 MAY -1  P 3: 45
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT

### Statement of the Parties

1.     Plaintiff, B.H., is a minor child under the age of nineteen years and a citizen of Alabama.  Plaintiff B.H. brings this action by and through her mother and next of friend, D.S., who is over the age of nineteen years and a citizen of Alabama.

2.     Defendant Autauga County Board of Education (hereinafter referred to as "school board") is an educational institution receiving federal financial assistance under 20 U.S.C. §1681 et.seq.

3.     Defendant Joseph L. Butler (hereinafter referred to as "Butler") is over the age of nineteen years and is being sued solely in his individual capacity.  He is the Superintendent of the Autauga County Board of Education.  He is responsible for the day-to-day operations of the school board and its employees.  Further, he shall see that the laws relating to schools and regulations of the state and county school boards of education are carried into effect.  He is a citizen of Alabama.

4. Defendant Terry Wright (hereinafter referred to as "Wright") is over the age of nineteen years and is a citizen of Alabama.

5. This Court has jurisdiction of the parties and subject matter pursuant to 28 U.S.C. §13-31, 20 U.S.C. §1681 et.seq., and 42 U.S.C. §1983.

## Statement of Facts

6. At all times material to this Complaint, Plaintiff was a student at Prattville Elementary School.

7. On or about October 29, 2004, Principal Abrahams or an employee authorized by principal Abrahams contacted Defendant Wright about being a substitute teacher at the Prattville Elementary School on that day.

8. On October 29, 2004, Defendant Wright arrived and began acting as a substitute teacher at the Prattville Elementary School.

9. Shortly after arriving at the Prattville Elementary School, Defendant Wright began showing the students a movie or video in the classroom with the lights off.

10. During the time that the lights were off and the movie or video was being shown to the students, Defendant Wright inappropriately touched, fondled, or rubbed the Plaintiff.

11. Prior to October 29, 2004, Defendant Wright was acting as a substitute teacher at another school under the auspices of the Autauga County Board of Education when complaints of inappropriate touching were made to the Autauga County Board of Education Superintendent's office concerning Wright's conduct as a substitute teacher.

2

12. Defendants Butler and/or board officials had knowledge of prior complaints of inappropriate touching of students by Defendant Wright and failed to report the complaints to the duly constituted authority and/or take any action regarding Defendant Wright and his position as a substitute teacher.

## COUNT ONE

## TITLE IX

13. Plaintiff realleges paragraphs 1 through 12 of the Complaint as if set out here in full.

14. This is a claim to redress unlawful discrimination on the basis of sex and violation of Title IX, 20 U.S.C. §1661 et.seq. against the Autauga County Board of Education.

15. At all times relevant hereto, the Autauga County Board of Education received Federal financial assistance.

16. The Plaintiff belongs to a protected group, as he was a male.

17. The Plaintiff was subjected to unwelcome harassment when he was sexually abused and molested by Defendant Wright.

18. Defendant Wright harassed the Plaintiff on the basis of his sex. The harassment was unwelcome and sufficiently severe so as to alter the condition of the Plaintiff's education.

19. By knowingly permitting the hostile environment to exist, the Autauga County Board of Education discriminated against the Plaintiff and denied him the benefits of public education in violation of Title IX.

20. The Autauga County Board of Education knew the danger of sexual harassment endured by other students and chose not to alleviate the danger.

21. The Autauga County Board of Education failure to take remedial action after reports of abuse allegations involving Defendant Wright at other schools within the Autauga County Board of Education district constituted a deliberate indifference of a clearly established constitutional and statutory right to be free of sexual abuse and harassment.

WHEREFORE, Plaintiff requests damages from the Defendant in such a reasonable amount as a jury may assess and other relief granted to him under the law and their cost of this action.

## COUNT TWO

## 42 U.S.C. §1983

22. Plaintiffs reallege paragraphs 1 through 25 of the Complaint as if set out here in full.

23. On or about October 21, 2004, Defendant Butler was notified by Autauga County Board of Education's administrative personnel of an incident involving inappropriate sexual contact between Defendant Wright and one or more students at a school within the Autauga County Board of Education system.

24. Upon learning the suspected child sexual abuse, Defendant Butler failed to report or caused to be reported a report of sexual abuse to a duly constituted authority as mandated by §26-14-3, Code of Alabama (1975).

25. In addition, Defendant Butler failed to take any action regarding the report of prior sexual abuse of Defendant Wright.

26. Between October 21, 2004 and October 29, 2004, Defendant Butler allowed Defendant Wright the opportunity to teach at all of the schools within the Autauga County Board of Education.

27. On October 29, 2004, while Defendant Wright was acting as a substitute teacher at the Prattville Elementary School, he sexually abused the Plaintiff while in the classroom.

28. The Plaintiff had a constitutional right to be free from unlawful sexual harassment and abuse in a school setting.

29. The sexual harassment inflicted upon the Plaintiff included, but was not limited to, unwanted touching, rubbing and fondling, which was sufficiently severe to alter the conditions of his education and amounted to an unnecessary and wanton infliction of pain.

30. Butler's failure to take action to stop the sexual abuse constituted deliberate indifference to a known sexual environment to continue in violation of Plaintiff's constitutional rights.

WHEREFORE, Plaintiff requests damages in such a reasonable amount as a jury may assess and other relief granted to him under the law and their cost of this action.

## COUNT THREE

### Negligence and/or Wantonness

31. Plaintiff realleges paragraphs 1 through 30 of the Complaint as if set out here in full.

32. Defendant Butler negligently and wantonly caused injuries to the Plaintiff by one or more of the following ways: 1) leaving Defendant Wright in a classroom setting with students; 2) leaving Defendant Wright's name on a substitute teachers list for other principals or employees with the Autauga County Board of Education to select him as a substitute teacher; and 3) by failing to report all prior instances pursuant to §26-14-3 Code of Alabama (1975).

33. As a proximate result of Defendant Butler's negligence and wantonness, Plaintiff was injured and damaged as follows: he was humiliated, he was embarrassed, he suffered physical and emotional trauma, he suffered stress and aggravation, he suffered severe emotional distress, he was deprived of educational opportunities and was unjustifiable and had restraints on his liberty and was otherwise injured and damaged.

WHEREFORE, the Plaintiff requests damages in a reasonable amount as a jury may assess and grant other relief to him under the law and their cost of this action.

## COUNT FOUR

### Negligent and Wanton Hiring and/or Retention

34. Plaintiff realleges paragraphs 1 through 33 of the Complaint as if set out here in full.

35. Defendant Butler negligently or wantonly hired and/or retained Defendant Wright causing injuries to Plaintiff as a proximate result of Defendant's negligence and wanton and/or retention, Plaintiff was injured and damaged as set forth in paragraph 33 above.

WHEREFORE, Plaintiff requests damages in a reasonable amount as a jury may assess and other relief granted to him under the law and their cost of this action.

## COUNT FIVE

### Negligence and Wantonness

36. Plaintiff realleges paragraphs 1 through 35 of the Complaint as if set out here in full.

37. Defendant Wright's negligent and wanton acts caused injuries to the Plaintiff.

38. As a proximate result of Defendant Wright's negligence and wantonness, Plaintiff was injured and damaged as set forth in paragraph 33 above.

WHEREFORE, Plaintiff requests damages in a reasonable amount as a jury may assess and other relief granted to him under the law and their cost of this action.

## COUNT SIX

### Assault and Battery

39. Plaintiff realleges paragraphs 1 through 38 of the Complaint as if set out here in full.

40. Defendant Wright subjected Plaintiff to unwanted touching.

41. As a proximate result of Defendant Wright's assault and battery on Plaintiff, he was injured and damaged as set forth in paragraph 33 above.

WHEREFORE, Plaintiff requests damages in a reasonable amount as a jury may assess and other relief granted to him under the law and their cost of this action.

## COUNT SEVEN

### Outrage

42. Plaintiff realleges paragraphs 1 through 41 of the Complaint as if set out here in full.

43. Defendant Wright outrageously and intentionally inflicted emotional distress upon Plaintiff by subjecting him to abusive and harmful touching towards the Plaintiff.

44. Defendant Wright caused Plaintiff severe emotional distress by subjecting him to unwanted touching on their bodies.

45. The conduct described above was extreme, outrageous, and beyond the boundaries of decency in a civilized society and caused Plaintiff to suffer emotional distress and as a proximate result of the outrageous conduct by Defendant Wright, Plaintiff was injured and damaged as set forth in paragraph 33 above.

WHEREFORE, Plaintiff requests damages in a reasonable amount as a jury may assess and other relief granted to him under the law and their cost of this action.

### COUNT EIGHT

### Invasion of Privacy

46. Plaintiff realleges paragraphs 1 through 45 of the Complaint as if set out here in full.

47. Defendant Wright intentionally intruded upon the solitude or seclusion of the Plaintiff and his concerns.

48. The intrusion was highly offensive to the Plaintiff.

49. Defendant Wright caused Plaintiff emotional distress by intruding on his invasion of privacy.

50. As a proximate result on Defendant Wright's invasion of privacy on Plaintiff, he was injured and damaged as set forth in paragraph 33 above.

WHEREFORE, Plaintiff requests damages in a reasonable amount as a jury may assess and other relief granted to him under the law and their cost of this action.

/s/ Michael Crow
MICHAEL J. CROW (CR039)
Attorney for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, AL 36103-4160
(334) 269-2343

/s/ Robert Drummond
ROBERT D. DRUMMOND (DRU004)
Attorney for Plaintiffs

OF COUNSEL:

Attorney at Law
323 De LaMare
Fairhope, AL 36532
(251) 990-6249