**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | |
|---|---|
| **A.G., a minor child; D.A., a minor child;** ) | |
| **A.L., a minor child; M.K., a minor child;** ) | |
| **and M.H., a minor child;** ) | |
| ) | |
| **PLAINTIFFS,** ) | |
| ) | **CASE NO:  2:05-CV-1090-MEF** |
| **VS.** ) | |
| ) | |
| **AUTAUGA COUNTY BOARD OF** ) | |
| **EDUCATION, et al.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

| | |
|---|---|
| **B.H., a minor child, by and through his** ) | |
| **mother and next of friend, D.S.,** ) | |
| ) | |
| **PLAINTIFFS,** ) | |
| ) | |
| **VS.** ) | **CASE NO: 2:06-cv-0393-MEF** |
| ) | |
| **AUTAUGA COUNTY BOARD OF** ) | |
| **EDUCATION, et al.,** ) | |
| ) | |
| **DEFENDANTS.** ) | |

**DEFENDANTS AUTAUGA COUNTY BOARD OF EDUCATION**
**AND JOSEPH L. BUTLER'S ANSWER TO PLAINTIFFS' B.H. AND D.S.'S**
**COMPLAINT AND FIRST AMENDED COMPLAINT**

COME NOW the defendants Autauga County Board of Education and Joseph L.

Butler and for answer to plaintiffs B.H. and D.S.'s Complaint and First Amended Complaint

state as follows:

1.     The defendants plead the general issue; deny all material averments of the

Plaintiffs' Complaint except that Joseph L. Butler was an educator employed

in the public schools of the Autauga County Board of Education; and that the Autauga County Board of Education is a state agency; and demand strict proof of all claims and allegations.

2.    The Complaint and First Amended Complaint have not been brought by proper parties in interest or real parties in interest. There being no proper plaintiff, this Complaint and First Amended Complaint are a nullity.

3.    The defendants say that they are innocent of the allegations made against them.

4.    The defendants say that the Complaint and First Amended Complaint fail to state a claim upon which relief can be granted.

5.    The defendants plead the defense of Eleventh Amendment immunity, stating that the plaintiffs' claims are barred by the Eleventh Amendment to the United States Constitution, and the defenses of sovereign immunity.

6.    The defendants plead the defense of qualified immunity.

7.    The defendants deny that they deprived the plaintiffs of their constitutional rights.

8.    The defendants deny that they deprived the plaintiff student of any constitutional rights.

9.    Defendant Autauga County Board of Education denies that it deprived the plaintiffs of any rights under Title IX.

10.    Defendant Autauga County Board of Education pleads that it complies with

2

Title IX.

11. The defendants state that *respondeat superior* does not apply.

12. The plaintiffs have claimed punitive damages. An award of punitive damages in this case would violate the United States Constitution and also the Alabama Constitution. The Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, on the following grounds:

a. Plaintiffs' claim of punitive damages violates the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments of the United States Constitution in that it imposes punitive damages, which are penal in nature, against a civil defendant which deprives the civil defendant of the same procedural safeguards afforded to criminal defendants; and

b. Plaintiffs' claim of punitive damages violates the defendants' right to due process pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution in that it fails to provide specific standards for the amount of an award of punitive damages; and

c. Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it fails to provide a reasonable limit on the amount

3

of an award of punitive damages; and

d.      Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it is unconstitutionally vague; and

e.      Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution in that it constitutes a deprivation of property without due process of the law; and

f.      Plaintiffs' claim of punitive damages violates the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution in that it permits the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct; and

g.      Plaintiffs' claim of punitive damages violates the Eighth Amendment of the United States Constitution in that it constitutes an excessive fine as well as cruel and unusual punishment; and

h.      Plaintiffs' claim of punitive damages violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution in that it may result in an award of joint and several judgments against multiple defendants for different alleged acts of

4

wrongdoing.

Further, based on both the Due Process Clause and the Eighth Amendment, on appeal, the constitutionality of an award of punitive damages is to reviewed using a *de novo* standard, since the jury's award of punitive damages does not constitute a finding of fact.

To the extent the Alabama Constitution is applicable, the plaintiffs' claim of punitive damages violates the Due Process Clause of the Alabama Constitution (1901), on the following grounds:

a.   Plaintiffs' claim for punitive damages would impose punitive damages, which are penal in nature, against civil defendants which would deprive the civil defendants of the same procedural safeguards afforded to criminal defendants; and

b.   Plaintiffs' claim for punitive damages fails to provide specific standards for the amount of an award of punitive damages; and

c.   Plaintiffs' claim for punitive damages fails to provide a reasonable limit on the amount of an award of punitive damages; and

d.   Plaintiffs' claim for punitive damages is unconstitutionally vague; and

e.   Plaintiffs' claim for punitive damages constitutes a deprivation of property without due process of the law; and

f.   Plaintiffs' claim for punitive damages permits the imposition of punitive damages in civil cases in excess of the maximum criminal fine

5

established by Title 13 of the Alabama Code for the same or similar conduct.

Plaintiffs' claim for punitive damages violates Article I, § 15 of the Alabama Constitution (1901) in that it constitutes an excessive fine as well as cruel and unusual punishment.

Plaintiffs' claim of punitive damages violates Article I, § 10, Clause 1 of the United States Constitution and Article I, § 22 of the Alabama Constitution (1901) in that it violates the prohibition against laws that impair the obligations of contracts.

Plaintiffs' claim of punitive damages constitutes an unreasonable and excessive award in that it bears no reasonable relationship to any harm the plaintiffs allegedly suffered as a result of the defendants' conduct or any harm that actually occurred to the plaintiffs.

Plaintiffs' claim of punitive damages is subject to the "clear and convincing" and "substantial evidence" standards of proof contained in Alabama Code § 6-11-20(4) (1975) pursuant to the Due Process Clause of the Alabama Constitution (1901).

13.    To the extent the plaintiffs claim the defendants have lost their Eleventh Amendment immunity due to acceptance of federal funds (such as arguing a contractual relinquishment of Eleventh Amendment immunity), the defendants say that their loss of immunity and, hence, their total possible liability here, would be the consideration given by the federal government, namely the amount of federal funds received by the Autauga County Schools, the only

6

federal funds recipient among all the parties.

14.   Insofar as the plaintiffs make a claim for attorneys' fees as the prevailing party, the defendants serve notice that they, too, intend to seek attorneys' fees, should they, or any of them, be the prevailing party in this litigation.

15.   The defendants plead the defense of statutory immunity, both federal and state.

16.   The defendants plead the defenses of sovereign immunity, state-agent immunity, discretionary function immunity and school masters' immunity.

17.   The defendants plead the defense of criminal act of a third party.

18.   The defendants plead the plaintiffs have failed to exhaust administrative remedies and, as such, the state law claims are due to be dismissed.

19.   The defendants plead that the Court lacks State tort jurisdiction over this matter because the sole remedies of the plaintiffs are administrative.

20.   These defendants stand *in loco parentis* to the minor plaintiff and, as such, the proper burden of proof of against them is by clear and convincing evidence, not any other standard.

21.   The defendants plead parental immunity because they stand *in loco parentis* of the plaintiff student.

22.   The defendants deny the existence of a duty.

23.   The defendants deny the breach of any duty.

24.   The defendants deny any breach of professional duty.

25.    The defendants deny that any action or inaction by them caused or contributed to cause the injuries complained of.

26.    The defendants plead the defense of sufficient intervening cause.

27.    The defendants plead the defense of lack of proximate cause.

28.    The defendants plead privilege.

29.    The defendants plead conditional privilege.

30.    The defendants plead statutory privilege.

31.    The defendants plead the defense of lack of notice and, further, the defenses of laches, waivers and estoppel.

32.    The defendants say the plaintiffs have failed to mitigate damages.

33.    The defendants reserve the right to add further defenses as they become known to us.

The defendants specifically reserve the right to file a Motion to Dismiss the State tort claims against either defendant, and hereby give notice that they intend to file such.

Respectfully submitted,

*s/Mark S. Boardman*
Mark S. Boardman (ASB-8572-B65M)
*E-mail:* mboardman@boardmancarr.com
Katherine C. Hortberg (ASB-5374-B34K)
*E-mail:* khortberg@boardmancarr.com
Counsel for the Autauga County Board of Education and Joseph L. Butler
BOARDMAN, CARR & HUTCHESON, P.C.
400 Boardman Drive

Chelsea, Alabama 35043-8211
Telephone:  (205) 678-8000
Facsimile:  (205) 678-0000

## CERTIFICATE OF SERVICE

I hereby certify that I have on this **11**th day of **July, 2006**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael J. Crow, Esq.
BEASLEY,  ALLEN,  CROW,  METHVIN,
PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

Robert D. Drummond, Jr., Esq.
323 De La Mare Avenue
Fairhope, Alabama 36532

Mr. Terry Wright
1268 Plum Street
Prattville, AL 36066

*s/Katherine C. Hortberg*
OF COUNSEL

9